UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL POVLINSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:21-CV-37-PPS-JEM |
| | ) |
| LAKE COUNTY, INDIANA, et al., | ) |
| | ) |
| Defendants. | ) |

# OPINION AND ORDER

Plaintiff, Michael Povlinski, had a run in with defendant, Joseph Kraus, who is a Lake County Police Officer and also a security guard for Albanese Confectionery. Following a verbal altercation, Kraus allegedly assaulted Povlinski on the premises of Albanese Confectionary, and arrested him. Povlinski has stated claims under section 1983 as well as battery, false imprisonment, false arrest, intentional infliction of emotional distress, and negligent hiring, supervision, and retention.

Albanese Confectionary moves to dismiss under Rule 12(b)(6), arguing Povlinski has pleaded that Kraus was acting under the color of state law, so the state law claims based upon respondeat superior necessarily fail as the acts committed by Kraus must have been done in his capacity as a police officer. Because I think discovery is needed to flesh out the facts in this case and determine in what capacity Kraus was acting when the alleged state torts occurred, dismissal is not appropriate at this time.

## Background

The facts alleged in the complaint are fairly bare. It alleges that Kraus, an

employee of the Lake County Sheriff's Department "was acting under the color of state law at all times relevant to this litigation." [DE 1 at 2.] On March 20, 2020, while acting in his capacity as a police officer, Kraus was driving east on U.S. 30 at a recklessly high rate of speed, with no emergency lights or sirens activated. [*Id.* at 3.] He was in a Lake County Sheriff's Department patrol car, and in full police uniform. *Id.*

Apparently irked at his high rate of travel with no siren, Povlinski followed Kraus to his destination, which was Albanese Confectionary Group. *Id.* Kraus had also been hired to provide security for Albanese Confectionary. [*Id.* at 4.] It is unclear from the complaint whether Kraus was going there to start his shift, or for some other reason. It is also unclear whether Kraus was on duty as a police officer at this time. Anyway, after Kraus and then Povlisnki both arrived at Albanese Confectionary, Povlinski activated his video camera and asked Kraus why he was driving at a recklessly high rate of speed without his emergency lights or sirens activated. [*Id.* at 3.] A verbal altercation ensued, which allegedly led to Kraus attacking Povlinski and physically assaulting him on the premises of Albanese Confectionary Group. *Id.* Plaintiff received contusions to his face and knees. *Id.* Kraus then arrested Povlinski and filed criminal charges against him. [*Id.* at 4.]

The complaint alleges a section 1983 claim for malicious prosecution, as well as violations of the First and Fourteenth Amendments. [*Id.* at 4-5.] In his response to the motion to dismiss, Povlinski makes clear that he is not pursuing claims against Albanese under these theories. However, the complaint also alleges state law tort

2

claims, which are directed at Albanese. Povlinski argues Albanese is liable for these under a theory of respondeat superior. Albanese has moved to dismiss these counts, arguing that Kraus' interactions with Povlinski were done pursuant to his police powers, and Albanese cannot be responsible for these actions.

## Discussion

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. Povlinski must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Finally, "a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) 'tests the sufficiency of the complaint, not the merits of the case.'" *Tarzian v. Kraft Heinz Foods Co.*, No. 18 C 7148, 2019 WL 5064732, at *2 (N.D. Ill. Oct. 9, 2019) (quoting *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012)).

Albanese contends that the state law claims against it for battery, false

imprisonment, false arrest, infliction of emotional distress, and negligent hiring, supervision, and retention, must be dismissed as a matter of law because Povlinski pleaded that Kraus was acting as an employee of the Lake County Sheriff's Department at all times relevant to the complaint. Thus, it reasons, it cannot have any respondeat superior liability since Kraus must have been operating as a police officer during the incident.

While it is true that Povlinski alleges Kraus "was acting under the color of state law at all times relevant to this litigation" [DE 1 at ¶ 4], the complaint also alleges that Kraus "was also privately employed by Defendant Albanese Confectionary Group, Inc." [DE 1 at ¶ 12.] At this stage of the case, I think it is acceptable for Povlinksi to plead that Officer Kraus was acting under the color of state law (and allege claims for constitutional violations under section 1983), as well as to have an alternate theory for the state law claims that Kraus was acting within his employment as a security guard for Albanese at the time and thus his private employer may also potentially have some liability. Indeed, Federal Rule of Civil Procedure 8(a) specifically allows pleading "relief in the alternative . . ." Fed. R. Civ. P. 8(a)(3).

Povlinski cites a number of cases in his reply memorandum in support of the position that dismissal is appropriate. The problem is, all of these cases were ruled on at the summary judgment stage, or even later. *See Crenshaw v. City of East Chicago*, No. 2:05-CV-440-PRC, 2008 WL 2557442 (N.D. Ind. June 23, 2008), which was actually superseded the next year, 2009 WL 377985 (N.D. Ind. Feb. 12, 2009) (decided on

4

summary judgment); *Gentry v. Hockett*, 498 N.E.2d 405 (Ind. Ct. App. 1986) (affirming decision made on summary judgment); *Sports, Inc. v. Gilbert*, 431 N.E.2d 534 (Ind. Ct. App. 1982) (reversing jury verdict).

At this early juncture of the case, I just have too many lingering questions to dismiss Albanese from the case. For example, was Kraus on-duty or off-duty as a police officer at the time of the incident? Was Kraus on his way to Albanese to start his shift there? I'm also not sure about the timing of the events. I'm aware that in *Crenshaw*, Magistrate Judge Cherry stated "that Officer Rivera performed police functions by arresting [plaintiffs] establishes that during the acts complained of, he acted in his role as a City of East Chicago Police Officer." *Crenshaw*, 2009 WL 377985, at *9. But here I don't know whether the alleged battery happened during the arrest, or earlier, or whether Kraus was acting in the scope of his duties as a private security officer at the time or as a police officer.

Discovery is needed to elucidate all of this. Whether an employee acts within the scope of employment is generally a fact question for the jury, *Trinity Lutheran Church, Inc. v. Miller*, 451 N.E.2d 1099, 1102 (Ind. Ct. App. 1983), however, it may be proper to decide this issue on a motion for summary judgment "as long as the underlying facts are not in dispute and reasonable inferences leading to conflicting results cannot be drawn from the undisputed facts." *Graham v. Sauk Prairie Police Comm'n*, 915 F.2d 1085, 1093 (7th Cir. 1990). This issue might very well be appropriate for summary judgment, but I'm not willing to dismiss these claims at this time.

5

**Conclusion**

For the reasons articulated above, the Motion to Dismiss filed by Defendant, Albanese Confectionery Group, Inc. [DE 23] is DENIED.

SO ORDERED.

ENTERED: August 9, 2021.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT